JOHN N. HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9104. Promulgated September 22, 1927.

LOSS ON SALE OF PROPERTY.—Upon the evidence, *held*, petitioner sustained a deductible loss on the sale of property.

*John N. Hughes, Esq.*, pro se.
*John W. Fisher, Esq.*, for the respondent.

This proceeding is for a redetermination of a deficiency in income and surtax for the calendar year 1922 in the amount of $250.90.

The petitioner alleges that the Commissioner erred in disallowing a deduction of $3,000 representing the loss sustained on the sale of a residence during the year 1922.

FINDINGS OF FACT.

The petitioner is an individual residing at Des Moines, Iowa. For many years prior to the taxable year in question, the petitioner lived at 1020 Fifth Avenue, Cedar Rapids, Iowa, and held the position of state solicitor for the Chicago, Milwaukee & St. Paul Railway Co. At a stockholders' meeting held on April 5, 1921, the petitioner was elected a director, and general attorney of the Des Moines Union Railroad Co., which road was in 1921 partially owned by the Milwaukee system, upon the condition that he move to and reside at Des Moines as soon as practicable. The Milwaukee System desired to have its state solicitor reside at Des Moines, the State Capital, and also the

duties and offices petitioner was required to perform for the Des Moines Union Railroad Co., required him to reside in that city. The petitioner immediately opened an office in the Union Depot of the Des Moines Union Railroad Co., at Des Moines; sent a part of his private library to that office; made arrangements to stay at the Des Moines Club two or three nights a week, until he could move his family and commenced looking for a residence in Des Moines, suitable for his family. The petitioner intended to move his family to Des Moines as soon as it was practicable to do so.

The petitioner had lived in his home at 1020 Fifth Avenue, Cedar Rapids, since 1902, and due to the location of the property it could not be sold readily. However, subsequent to April 5, 1921, the petitioner had an opportunity to trade in his Fifth Avenue property as a part of the purchase price of a new house at 2323 Upland Drive, Cedar Rapids. The transaction was handled by one agent with whom both properties were listed for sale, and separate deeds were given conveying the separate properties. The agreed value of the Fifth Avenue property was applied on the purchase price of $14,500 of the Upland Drive property and the petitioner assumed a mortgage of $6,000 upon the latter property, which mortgage was later paid. The said transaction was completed on or about April 28, 1921. The petitioner purchased the Upland Drive residence property, which was attractive and had never been occupied, to sell at a profit and not to use as a home, for it was necessary for him to move to Des Moines.

Subsequent to the execution of the contract to purchase the Upland Drive property, but prior to the delivery of the deed thereto, the petitioner personally showed the residence to the pastor of the Presbyterian Church, and the chairman of a committee, who were seeking a suitable parsonage for the pastor, and petitioner offered it for sale at a price of $16,500.

On or about the last of April or the first of May the petitioner, being compelled to move all of his Fifth Avenue property, moved his family into the residence at Upland Drive temporarily, until he could locate a suitable home in Des Moines. The petitioner lived at the Upland Drive residence until he purchased a home in Des Moines and moved his family there in April, 1922, but during all that time the property was for sale it was listed with a number of persons, and on numerous occasions, the property was shown to prospective purchasers.

There was a decline in the market for residence property in Cedar Rapids; petitioner was unable to sell during the time he was temporarily residing in the residence in question, and the said residence remained vacant from April, 1922, until December, 1922, at which time it was sold for $11,500.

Apparently no depreciation has been taken nor claimed as to the Upland Drive residence which was a seven-room house of frame structure with kellastone finish on the exterior and asbestos roof.

The petitioner deducted $3,000 from gross income in his 1922 income-tax return, as the loss sustained from the sale of the Upland Drive property, the respondent disallowed said deduction and added $3,000 to petitioner's net income resulting in the deficiency here in question.

### OPINION.

TRUSSELL: The respondent has disallowed the deduction of the loss sustained by the petitioner in 1922, solely upon the ground that the property in question was originally acquired for residential purposes and that the transaction was not originally entered into for profit.

Section 214 (a) (4) (5) of the Revenue Act of 1921 provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\*        \*        \*        \*        \*        \*        \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction *entered into for profit*, though not connected with the trade or business; \* \* \* [Italics ours.]

The undisputed facts in the case at bar clearly establish that the transaction, the purchase of the Upland Drive residence property, was entered into for profit. The petitioner had accepted a position which required him to move from Cedar Rapids to Des Moines, at the time he purchased the property in question and he testified that he would not have purchased the property if he had not thought that he could sell it at a profit. From the time the contract to purchase was signed until the property was actually sold, petitioner made every effort to sell, for it was necessary for him to move to Des Moines.

We are of the opinion that this transaction was entered into for profit, within the purview of section 214 (a) (5) of the Revenue Act of 1921.

The petitioner is, therefore, entitled to a deduction of a loss upon the sale of the property in 1922.

Reviewed by the Board.

*The deficiency may be recomputed in accordance with the foregoing findings of fact and opinion upon 15 days' notice, pursuant to Rule 50, and judgment will be entered accordingly.*